The following constitutes
the order of the court. Signed May 2, 2013

_____
M. Elaine Hammond
U.S. Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re | Case No. 11-73428 MEH |
| GRACIELA OLASCOAGA-DECAMPOS | Chapter 7 |
| Debtor/ | |
| GRACIELA OLASCOAGA-DECAMPOS, | Adv. No. 12-04051 AH |
| Plaintiff | |
| v. | |
| WELLS FARGO BANK, N.A., ET.AL. | |
| Defendants/ | |

**MEMORANDUM DECISION**

Plaintiff, Graciela Olascoaga-DeCampos, filed this adversary proceeding asserting claims for wrongful foreclosure and violations of the automatic stay. The court previously dismissed claims against additional defendants related to the wrongful foreclosure claims. The remaining claim is for violation of the automatic stay; asserted against HJ Home Investments, LLC ("HJ Home") & Ron Pilgrim (collectively, "Defendants"). Defendants conducted discovery regarding the factual basis for this claim, including taking the deposition of Plaintiff. Based on the discovery, Defendants requested the court require Plaintiff to identify the acts of Defendants she contends constitute a violation of the automatic stay. At the hearing on February 11, 2013, the court required Plaintiff to file a statement and supporting declaration providing the factual basis for her

1

assertion of a claim for violation of the automatic stay. The parties further were informed that at the subsequent hearing the court would review whether the case should proceed to trial. See Docket entry for 2/11/2013.

Plaintiff filed her statement on March 20, 2013. Defendants filed a responsive statement on April 9, 2013. This matter came on for hearing on April 29, 2013. The court finds that Plaintiff has not asserted a factual basis upon which to assert a claim for violation of the automatic stay. Thus, the court will dismiss this adversary proceeding.

**Background**:

December 22, 2011 – Trustee's sale of Plaintiff's residence completed. HJ Home was the successful bidder at the sale.

December 28, 2011 – A Three-Day Notice to Quit ("Notice") was posted on the door of Plaintiff's property.
– At 4:13 p.m., Plaintiff filed a Chapter 7 petition.
– At approximately 6 p.m., Plaintiff delivered a letter to Mr. Pilgrim's business office stating "as of today I will be in active bankruptcy."

December 29, 2011 – Date of postmark on mailed copy of Notice.

January 9, 2012 – Trustee's Deed Upon Sale ("Deed") is recorded.

**Analysis**:

<u>Post-petition recording of Deed</u>:

Both in her statement and at the hearing, Debtor focused on the post-petition recording of the Deed as a violation of the automatic stay. This court has addressed this issue on two prior occasions: At the February 17, 2012 hearing on HJ Home's motion for relief from stay and at the June 8, 2012 hearing seeking nunc pro tunc relief from the automatic stay.

Those actions, which are automatically stayed by the filing of a bankruptcy petition, are set forth in Bankruptcy Code § 362(a). But Bankruptcy Code § 362(b) provides a list of acts which are not stayed. One exception to the automatic stay is perfection of an interest in property completed within the 30-day period following the transfer. Bankruptcy Code § 362(b)(3), incorporating §547(e)(2)(A). As the Deed was recorded 18 days after the Trustee's sale occurred, the recording is not a violation of the automatic stay.

2

Post-petition Postmark on Notice:

At the hearing, Plaintiff also asserted the post-petition mailing of the Notice was a violation of the automatic stay. The parties do not dispute that the postmark date on the envelope for the Notice is December 29, 2011. However, there are no facts alleged that the Defendants had notice of Plaintiff's bankruptcy filing at the time the Notice was deposited into the mail. Plaintiff filed her petition at 4:13 p.m. on December 28, 2011. At approximately 6 p.m., Plaintiff delivered to Mr. Pilgrim's place of business a letter dated December 28, 2011 stating that "as of today I will be in active bankruptcy." The letter did not contain a copy of the petition or a reference to a case number. It is unclear whether the Notice was deposited in the mail prior to the delivery of Plaintiff's letter. Simply put, the substantially contemporaneous mailing of a Notice posted pre-petition is insufficient to establish a knowing and willful violation of the automatic stay.

Additional Allegations:

Plaintiff's statement references phone calls and statements purportedly made by Defendants after they received notice of the bankruptcy. However, no facts are provided as to when and where such statements were made. Further, they contradict Plaintiff's deposition testimony that after December 28, 2011 she never had any telephone contact with Ron Pilgrim. Plaintiff was requested to identify those facts supporting her claims for violation of the automatic stay. General statements without essential information regarding when the statements were made, particularly where contradicted by Plaintiff's testimony, are not sufficient to establish a claim.

**Conclusion**:

At the request of the Court, Plaintiff filed a statement identifying facts supporting her claim that Defendants knowingly and willfully violated the automatic stay. The facts asserted are insufficient to establish a knowing and willful violation of the automatic stay pursuant to Bankruptcy Code § 362(k). As such, the court finds that it would be unduly burdensome to Defendants and a waste of judicial resources to proceed to trial on claims for which there is no factual support. On that basis, Plaintiff's remaining claims will be dismissed by order of the court entered contemporaneously herewith.

**END OF ORDER**

|   | COURT SERVICE LIST |
|---|---|
| 1 | |
| 2 | Graciela Olascoaga-Decampos<br>4627 Fawn Hill Way<br>Antioch, CA 94531 |
| 3 | |
| 4 | Charles M. Standard<br>Law Offices of Charles M. Standard<br>152 N. Third Street<br>Suite 700<br>San Jose, CA 95112 |

COURT SERVICE LIST

Graciela Olascoaga-Decampos
4627 Fawn Hill Way
Antioch, CA 94531

Charles M. Standard
Law Offices of Charles M. Standard
152 N. Third Street
Suite 700
San Jose, CA 95112